HENLEY

*v.*

HEFFERRON *et al.* (three cases).

(*Supreme Court of Appeals of Virginia, Feb. 13, 1896.*)

[24 S. E. Rep. 235.]

**Specific Performance—Mutuality of Contract—Case at Bar.**

A bill for specific performance alleged that the property of complainant's father was sold under decree of court; that complainant purchased several tracts at the trustee's sale thereof; and that defendant became the purchaser of another tract, but that there was an understanding between complainant and defendant that said last purchase was made for complainant, and that in consideration thereof complainant turned over to defendant the contracts of purchase of said other tracts, and permitted him to receive deeds thereto at the low prices at which she had been able to purchase, and that defendant was to hold the property until such time as complainant could redeem it by paying the amount he had so paid, with interest, and that complainant had since been in possession of said property: *held*, that the contract was wanting in mutuality, and was too indefinite to be enforced by specific performance.

**Appeal—Appointment of Receiver.**

The appointment of a receiver for said property pending the prosecution of the appeal was not prejudicial to complainant.

Appeal from circuit court of King William county.

Separate causes between Nettie L. Henley and B. W. Hefferron and others to determine their respective rights as to the title and the possession of certain property. From the judgments rendered appeals were taken. Affirmed in each case.

*Geo. P. Haw* and *Isaac Diggs*, for appellant.

*Pollard & Sands* and *H. I. Lewis*, for appellees.

KEITH, P., delivered the opinion of the court.

There were three cases submitted to us styled "Henley v. Hefferron." The first is a bill in chancery, filed by Nettie L. Henley, brought to enjoin B. W. Hefferron and Mary C. Hefferron, his wife, from the prosecution of an action of unlawful detainer in the county court of King William county; and praying further that a contract, which is set out in the bill, and is alleged to have been made between B. W. Hefferron and the plaintiff, with respect to the purchase of the land which is the subject of the action of unlawful detainer, may be specifically executed. The second suit is that of Nettie L. Henley v. Hefferron and others, and grows directly out of the proceedings in the chancery suit just mentioned. After a final decree had been entered in the first-mentioned case in favor of the defendants to that bill, the plaintiff brought the case by appeal to this court, and thereupon a petition was filed asking the appointment of a receiver pending the appeal, and a receiver was thereupon appointed, and from this decree an appeal was taken. Subsequently, the action of unlawful detainer having been decided in the county court of King William county, an appeal was taken to the circuit court, where the judgment of the county court was reversed, and, the case being submitted to the circuit court of King William county, a judgment was rendered for the plaintiff, to which a writ of error was awarded by this court. Both of these appeals and the writ of error depend upon the disposition which shall be made of the appeal taken in the original suit in chancery for an injunction and the specific execution of the contract there prayed for. The bill in that case sets out that the complainant, Nettie L. Henley, is the daughter of Thomas B. Henley, who was possessed of considerable real estate in the county of King William and elsewhere,

including a tract of five acres of land situated near the town of West Point, and of lots 29, 83, and 85, upon the latter of which was a valuable and attractive dwelling house, occupied by her father as his residence ; that, her father becoming embarrassed, all of his property was sold under a decree of court by Mr. H. R. Pollard, acting as trustee and commissioner, and she became the purchaser of the tract of five acres at the price of $125; that she purchased lot No. 29 for $325, lot No. 83 at $60, and that lot No. 85 was cried out to one E. W. Wilkinson at $2,000; that the night after the sales were closed Wilkinson was requested to give up his bid, and thereupon wrote a note to Mr. Pollard, saying that he waived his claim in favor of B. W. Hefferron, and thereupon the trustee accepted Hefferron as the purchaser at the price of $2,010, and so reported it. The bill alleges that in all these transactions she was actuated by a desire to save what she could from her father's fortune, and to secure a home for herself and her family ; that she had the promise of assistance and aid from B. W. Hefferron, and an express understanding with him, especially with reference to lot No. 85, that the purchase was for her ; and that with this understanding, and in consideration thereof, she turned over to Hefferron the contracts for the purchase of the five-acre lot, and of lots Nos. 29 and 83, and permitted him to receive a deed for them, all at the low prices at which she had been able to purchase them, the bidders at the sales refraining from competing with her under the distressing circumstances in which she was placed.  After setting out all of these several matters of inducement, she says : "Your complainant specifically and emphatically charges that her arrangement with the said Hefferron was that he should pay for this property, and take the deed in his own name, and hold it for your complainant until such time as she could redeem it by paying the amount he had so paid, with interest agreed upon, considerably over six per cent." She avers that upon this understanding and agreement she turned over to Hefferron all the property so purchased ; that she has

continued in possession of the whole said property, exercising entire and exclusive control over it. She prays that this contract may be specifically executed, and that in the meantime B. W. Hefferron and M. C. Hefferron, his wife, may be enjoined from disturbing the possession, by suit or otherwise, of Thomas B. Henly and Fannie R. Henly, his wife. To this bill there was a demurrer and answer. A number of depositions were taken, and many exhibits filed ; and upon the hearing of the case, the circuit court of King William county entered the decree from which the appeal was taken.

We are of opinion that the contract upon which the appellant relies is insufficient to support a bill for specific performance. It is vague and indefinite in its terms, and wholly wanting in that mutuality of obligation which is essential. It is certain that if the defendant had desired to enforce the alleged contract set out in the bill he would have been wholly unable to do so. A contract, in order to be enforced specifically, must be certain, definite, equal, and fair, and sufficiently precise to obviate misunderstanding as to its import. If it be wanting in these qualities, a court of equity will decline to specifically enforce it, and will leave the party to the remedy at law, if there be any. 2 Minor, Inst. 786, 787. These principles are so elementary, and have been so frequently asserted by this court, that we do not deem it necessary to multiply authorities upon it. We think, therefore, that the demurrer to the bill should have been sustained.

As the appellant never had any title to the land, nor any contract with respect to it which a court of equity could enforce, it is obvious that the action of the court placing this property in the hands of a receiver pending the prosecution of her appeal could not have prejudicial to her, and with this remark we dispose of the second case.

In the unlawful detainer suit, in which Thomas B. Henley and Fannie R. Henley are the plaintiffs in error against M. C. Hefferron, it appears that the action was instituted in the first

instance in the county court of King William county, where it proceeded to a final judgment in favor of the plaintiff, and thereupon Thomas B. Henley and Fannie R. Henley, his wife, appealed to the circuit court of King William county, which reversed the judgment of the county court, and, the case being afterwards submitted to the circuit court for trial de novo, a judgment was again rendered for the plaintiff, and the defendants excepted.    The case appears to have been submitted upon the evidence contained in the record as it came from the county court, and upon all the depositions and documentary evidence in the chancery suit of Henley v. Hefferron, which we have just considered.   The point chiefly relied upon by the plaintiffs in error is that Thomas B. Henley is named as codefendant with Fannie R. Henley, his wife, and that there is no evidence that he unlawfully withheld the possession of the property.    Thomas B. Henley was the original owner of the property, and in possession of it ; and the evidence does not show how or when that possession was ever changed.    He was without doubt an occupant of the house.    It is claimed that he was there as the "guest" of his wife, but, looking to all the circumstances of the case, and the relations of the parties to each other, and to the effect that he was the original owner of the property, we think that the circuit court was warranted in its conclusion. In any event, the whole matter of law and fact was submitted to it, and we cannot say that its judgment was upon this point without evidence in its support, and we feel less hesitancy in reaching this conclusion, as it is certain that, if we have correctly decided the questions arising upon the principal record, the affirmance of the judgment of the circuit court of King William county in this case can work no substantial injury to the plaintiffs in error.    For these reasons we are of opinion that the two decrees and the judgment of the circuit court of King William county are without error, and should be affirmed.